# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonard Dobosenski,<br><br>Plaintiff,<br><br>v.<br><br>CRST Van Expedited, Inc.,<br><br>Defendant. | Case No. 11-cv-2732 (SRN/JSM)<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE ORDER DATED JUNE 13, 2012** |

Robert N. Edwards, Robert N. Edwards, Chartered, 2150 3rd Avenue, Suite 300, Anoka, Minnesota 55303-2200 and Bruce W. Larson, Larson Law Office, 746 Mill Street, Wayzata, MN 55391, for Plaintiff.

Patrick D. Reilly and Jessica A. Megorden, Erstad & Riemer, PA, 8009 - 34th Avenue South, Suite 200, Minneapolis, Minnesota 55425-4409, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This case is before the Court on Plaintiff Leonard Dobosenski's Motion to Compel discovery responses from Defendant CRST Van Expedited, Inc. (Doc. No. 19.) In an Order dated June 13, 2012, United States Magistrate Judge Janie S. Mayeron denied Plaintiff's motion. (Doc. No. 25.) Plaintiff now objects to the Order. (Doc. No. 28.) After reviewing the Order for clear error, 28 U.S.C. § 636(b)(1)(A); accord D. Minn. L.R. 72.2(a), the Court affirms the Order for the reasons set forth below.

## II.    BACKGROUND

On December 15, 2009, Plaintiff was asleep in the upper bunk of his tractor-trailer

1

rig parked in a rest stop near Flagstaff, Arizona. (Compl.. Doc. No. 1-1, ¶ II; Pl.'s Mem. of Law in Supp. of Mot. to Compel, Doc. No. 16 ("Pl.'s Initial Mem."), at p. 1.) Defendant's employee was attempting to park her tractor-trailer rig in the space next to Plaintiff's vehicle, but instead crashed into it. (Compl., Doc. No. 1-1, ¶ III; Pl.'s Initial Mem. at p. 1.) The crash caused Plaintiff to fall "6-8 feet out of his bunk onto the floor of his tractor" and sustain injuries to his "neck and left shoulder." (Compl., Doc. No. 1-1, ¶ IV; Pl.'s Initial Mem. at p. 1.) On September 16, 2011, Plaintiff sued in Minnesota state court alleging that the Defendant was negligent. (Compl., Doc. No. 1-1.) Defendant removed the case to this Court on September 23, 2011 based on diversity jurisdiction. (Doc. No. 1.)

Defendant has admitted liability. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Compel, Doc. No. 21, at p. 1.) Defendant retained Dr. Paul Wicklund, an orthopedic surgeon, to serve as an expert witness to evaluate Plaintiff's alleged damages. (Pl.'s Initial Mem. at pp. 2–3.) Plaintiff sought discovery from Defendant regarding Dr. Wicklund's background and relationship with Defendant's counsel, which Defendant refused to answer. (Doc. No. 19.) On May 30, 2012, Plaintiff filed a Motion to Compel seeking an order requiring Defendant or its counsel to provide the names and produce all documents for any injured person examined by Dr. Wicklund, the identity of the injured person's attorney, and the dates of the examinations for any examination where Dr. Wicklund was retained by Defendant or Defendant's counsel in the past seven years. (Doc. No. 19; Pl.'s Objections to Magistrate Judge's Findings, Doc. No. 28 ("Pl.'s Objections"), at pp. 1–2.)

The Magistrate Judge held a hearing on Plaintiff's motion on June 13, 2012. (Doc. No. 24.) The Magistrate Judge denied Plaintiff's motion from the bench. (Doc. No. 25.) In

an Order following the hearing, the Magistrate Judge stated that Defendant was required to provide the following information to Plaintiff:

> Pursuant to Rule 26(a)(2)(B)(v) of the Federal Rules of Civil Procedure, defendant shall provide to plaintiff . . . the following information for all cases in the last four years in which Dr. Paul Wicklund testified as an expert at trial or deposition: (1) the caption of the case number including the case name, case file number (except the claimant's social security number), the court where the case was filed; (2) whether the testimony was provided by Dr. Wicklund at trial, at a deposition, or both trial and deposition; and (3) whether the case was a worker's compensation case or other civil case.

(Id.) On June 20, 2012, Plaintiff timely filed objections to the Magistrate Judge's Order, to which Defendant responded on July 3, 2012. (Doc. Nos. 28, 31.)

### III. DISCUSSION

#### A. Standard of Review

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B. Objections

Plaintiff objects to the Magistrate Judge's Order, arguing that it was clearly erroneous in denying the motion to compel. The Federal Rules authorize discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if [it] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed broadly and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." In re Milk Prod. Antitrust Litig., 84 F.Supp.2d 1016, 1027 (D. Minn. 1997) (citations and internal quotation omitted). To ensure Rule 26(b) is not "misapplied so as to allow fishing expeditions in discovery," a party must make a "threshold showing of relevance." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). The threshold requirement of discoverability is met if the information sought is "relevant to the subject matter involved in the pending action." Shelton v. Am. Motors, 805 F.2d 1323, 1326 (8th Cir. 1986). A court must limit discovery if it determines that the discovery sought "can be obtained from some other source that is more convenient [or] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i).

In Stevenson v. Auto-Owners Ins. Co., this Court addressed the discoverability of information to demonstrate bias of doctors performing Independent Medical Examinations ("IMEs"). No. 06-cv-03200, slip. op. at 4 (D. Minn. June 9, 2008). The plaintiff in that case served subpoenas on various medical and legal firms seeking production of documents concerning "payment to [the doctor] for expert testimony . . . [and] to specifically include each case name and number, the court in which each case is/was filed, and the amount of

4

compensation received." Id. at 2. The defendant moved to quash the subpoenas. Id. The Court granted the motion to quash and stated that to demonstrate bias in the context of IMEs, "it is sufficient for a doctor to be asked to give an approximate estimate for IMEs and total patients seen in a year." Id. at 7 (citation and internal quotations omitted). The Court also noted that discovery might be appropriate on the approximate amount of professional work a doctor devotes to litigation-related services, the income a doctor receives from litigation-related services, and the amount of work a doctor devotes to specific types of litigation-related services. Id. at 8–9 (citation and internal quotations omitted).

The Magistrate Judge did not clearly err in denying Plaintiff's request to obtain information about Dr. Wicklund's prior expert reports for the past seven years where Dr. Wicklund was retained by defense counsel. Dr. Wicklund's prior expert reports are not relevant to determine the damages caused by the December 15, 2009 accident. Furthermore, there are less intrusive methods of discovery for Plaintiff to challenge Dr. Wicklund's credibility than obtaining medical records of non-parties, which likely contain personal and private information. The Magistrate Judge properly ordered the Defendant to provide, for all cases in the last four years in which Dr. Wicklund testified as an expert at trial or deposition, the case name, number, and court in which the case was filed, whether the testimony was at a deposition or at trial, and whether the case was a worker's compensation case or another civil matter. This information is sufficient for the Plaintiff to determine any credibility issues for Dr. Wicklund. Accordingly, in light of the deference accorded to orders of Magistrate Judges on non-dispositive issues, this Court finds that the Magistrate Judge's Order denying Plaintiff's Motion to Compel response to discovery was

5

not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. No. 28) to the Magistrate Judge's June 13, 2012, Order (Doc. No. 25) are **OVERRULED**;

2. The Magistrate Judge's June 13, 2012 Order (Doc. No. 25) is **AFFIRMED**;

3. Plaintiff's Motion to Compel Discovery Responses from Defendant (Doc. No. 19) is **DENIED**.

Dated: October 11, 2012        s/Susan Richard Nelson
                               SUSAN RICHARD NELSON
                               United States District Judge